**In the Matter of Bertha HARRIS.**

**No. 84–671.**

District of Columbia Court of Appeals.

May 25, 1984.

On Further Consideration May 29, 1984.

Before MACK and BELSON, Associate Judges, and REILLY, Chief Judge, Retired.

## ORDER

PER CURIAM.

On consideration of the motion for stay, the oral argument in support of said motion and the oral argument in opposition to said motion, it is

ORDERED that the order of the Superior Court of the District of Columbia authorizing the scheduling and performing of the amputation of the right leg of Bertha Harris, is stayed to Tuesday May 29, 1984. It is

FURTHER ORDERED that the District of Columbia may move to dissolve said stay in the event of a *serious* change in the patient's condition. It appearing that the record of the trial below is incomplete, because of inadequate sound recording it is

FURTHER ORDERED that the parties, on or before nine o'clock a.m., Tuesday May 29, 1984, shall provide the court with a statement of proceedings and evidence, such statement shall explain what transpired after the tape ran out.

## ON FURTHER CONSIDERATION

On further consideration of the motion for stay, and the argument heard in support thereof and in opposition thereto, it is

ORDERED that the order of this court staying the May 25, 1984 order of the trial court authorizing the District of Columbia General Hospital to amputate a limb of the appellant is extended until further order, provided, that the District of Columbia may move to dissolve the stay in the event of a serious change in the condition of the patient.

It appearing from evidence adduced at the trial court hearing that there is a conflict of psychiatric opinion as to whether the patient is incompetent to make any treatment decision and a conflict of medical testimony as to whether the gangrenous condition is so acute that an immediate amputation is necessary to save the life of the patient, and it further appearing that the trial court's order is not accompanied by adequate findings of fact and conclusions of law, it is

FURTHER ORDERED that the record is remanded to the trial court with instructions that the appellant be given immediately the opportunity to undergo a psychiatric examination by Dr. Howe or other psychiatrist of the patient's choice and the right to undergo a physical examination by a physician of her choice, with appellee having a corresponding opportunity to have the benefit of a further psychiatric examination of appellant performed by a psychiatrist of its choice. The court shall thereafter conduct a hearing, and submit to this court no later than Monday, June 4, 1984, written findings of fact and conclusions of law as to whether the District of Columbia

has sustained its burden by clear and convincing evidence of showing that the appellant lacks the competence to make a treatment decision regarding the amputation at issue. *See Lane v. Candura,* 6 Mass.App. 377, 376 N.E.2d 1232 (1978). If the trial court finds that the patient is incompetent to make a treatment decision, the trial court shall also determine whether or not her condition is so acute that immediate amputation is necessary to save the life of the patient. In making such findings, the trial court may reconsider its prior determination.

The Clerk of the Superior Court is directed to transmit to this court before the close of business on Monday, June 4, 1984, the aforesaid findings and any supplemental record.